UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

FILED

2026 APR 14  PM 12: 09

US DISTRICT COURT
EASTERN DIST. TENN.

———

CHRISTOPHER AHMAAD SMITH,
Plaintiff,

v.

KNOXVILLE AREA TRANSIT (KAT),
Defendant.

Case No.: _____

———

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Christopher Ahmaad Smith, proceeding pro se, alleges as follows:

———

## I. JURISDICTION AND VENUE

1. This action arises under:
   - The Americans with Disabilities Act (ADA), including 42 U.S.C. § 12203;
   - Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;
   - 42 U.S.C. § 1983 (deprivation of civil rights);
2. This Court has jurisdiction under 28 U.S.C. § 1331.
3. Venue is proper in this Court because the events occurred in Knoxville, Tennessee.

———

## II. PARTIES

4. Plaintiff, Christopher Ahmaad Smith, is a resident of Knoxville, Tennessee.
5. Plaintiff is paralyzed from the waist down due to a spinal cord injury and is a qualified individual with a disability.
6. Plaintiff suffers from a sacral wound requiring ongoing medical treatment, including wound care appointments.

7.    Defendant, Knoxville Area Transit (KAT), is a public transportation provider located at 301 E. Church Ave, Knoxville, Tennessee 37914, and receives federal funding.

## III. FACTUAL ALLEGATIONS

8.    Plaintiff relies on Defendant's transportation services to attend critical medical appointments, including wound care treatment for a sacral wound caused by prolonged sitting.

9.    Plaintiff's condition requires timely transportation to prevent worsening of his injury and to maintain basic hygiene and medical stability.

10.    Plaintiff's sister, Tameka Emory, was formerly employed by Defendant.

11.    Around September 2023, Ms. Emory filed a wrongful termination lawsuit against Defendant.

12.    After that lawsuit, Plaintiff began experiencing repeated transportation issues, including delays and unreliable service.

13.    Plaintiff learned that an individual named "Josh" (last name unknown), responsible for scheduling transportation, was named in Ms. Emory's lawsuit.

14.    On or about April 18, 2025, Plaintiff experienced a delay in transportation services.

15.    Upon calling Defendant, Plaintiff confirmed that "Josh" scheduled the ride.

16.    Plaintiff reported his concerns to Supervisor Brian McClure and stated his belief that he was being retaliated against due to his association with his sister's lawsuit.

17.    Mr. McClure dismissed Plaintiff's concerns and failed to take corrective action.

18.    The following day, Plaintiff attended a medical appointment for wound care treatment.

19.    Plaintiff, who lives approximately ten (10) minutes from the hospital, was forced to wait approximately four (4) hours for return transportation.

20.    Due to the delay:

- Plaintiff remained seated for an extended period, exacerbating his sacral wound;
- Plaintiff's colostomy bag filled and burst;
- Plaintiff urinated on himself multiple times;
- Plaintiff was unable to properly attend to hygiene needs;

- Plaintiff suffered pain, risk of infection, and worsening of his medical condition.

21. Plaintiff experienced severe humiliation, emotional distress, and physical harm as a result.

22. Plaintiff reported the incident to Ms. Pat Downs and filed a formal complaint.

23. Defendant conducted an investigation and concluded only that employees would receive additional training.

24. Plaintiff received a $20 transportation credit, which did not adequately compensate for the harm suffered.

25. Defendant failed to implement meaningful corrective measures to ensure safe and timely transportation for Plaintiff.

26. Defendant's actions demonstrate deliberate indifference to Plaintiff's federally protected rights.

## IV. CLAIMS FOR RELIEF

### COUNT I – DISABILITY DISCRIMINATION (ADA & REHABILITATION ACT)

27. Plaintiff incorporates all prior paragraphs.

28. Plaintiff is a qualified individual with a disability.

29. Defendant denied Plaintiff meaningful access to public transportation services.

30. Defendant failed to provide services in a manner that reasonably accommodates Plaintiff's disability-related needs.

31. Defendant's conduct caused physical injury and denial of equal access.

### COUNT II – RETALIATION (ADA – 42 U.S.C. § 12203)

32. Plaintiff incorporates all prior paragraphs.

33. Plaintiff engaged in protected activity by complaining about discriminatory and retaliatory conduct.

34. Defendant subjected Plaintiff to adverse actions, including delayed and unreliable transportation.

35. There is a causal connection between Plaintiff's complaints and Defendant's actions.

## COUNT III – CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

36. Plaintiff incorporates all prior paragraphs.

37. Defendant, acting under color of state law, deprived Plaintiff of rights secured by federal law.

38. Defendant's conduct showed deliberate indifference to Plaintiff's health, safety, and rights.

―――

## V. DAMAGES

39. As a direct result of Defendant's conduct, Plaintiff suffered:

- Worsening of a sacral wound and risk of infection;
- Physical pain and medical complications;
- Emotional distress, humiliation, and mental anguish;
- Loss of dignity and independence.

40. Defendant's actions were intentional or showed reckless disregard.

―――

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests:

A. Compensatory damages;
B. Punitive damages where permitted;
C. Injunctive relief requiring proper ADA-compliant transportation practices;
D. Policy changes and training;
E. Costs and fees;
F. Any further relief the Court deems just.

―――

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

―――

Respectfully submitted,

Christopher Ahmaad Smith
Knoxville, Tennessee
Plaintiff, Pro Se

Date: 4-13-26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

———

CHRISTOPHER AHMAAD SMITH,
Plaintiff,

v.

KNOXVILLE AREA TRANSIT (KAT),
a division of the City of Knoxville, Tennessee,
Defendant.

Case No.: _____

———

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**(Jury Trial Demanded)**

Plaintiff, Christopher Ahmaad Smith, proceeding pro se, alleges as follows:

———

## I. INTRODUCTION

1. This is a civil rights action arising from Defendant's failure to provide safe, timely, and nondiscriminatory public transportation services to a disabled individual, and from Defendant's retaliatory conduct following Plaintiff's complaints and association with protected activity.

2. Defendant's actions resulted in physical injury, humiliation, and denial of equal access to public services.

———

## II. JURISDICTION AND VENUE

3. This action arises under:
   - Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq.;
   - Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;

- 42 U.S.C. § 1983;

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. Venue is proper in the Eastern District of Tennessee, Knoxville Division, because all events giving rise to this action occurred in Knoxville, Tennessee.

## III. PARTIES

6. Plaintiff, Christopher Ahmaad Smith, is a resident of Knoxville, Tennessee.

7. Plaintiff is paralyzed from the waist down due to a spinal cord injury and is a qualified individual with a disability.

8. Plaintiff suffers from a sacral wound requiring ongoing medical treatment, including wound care appointments.

9. Defendant, Knoxville Area Transit (KAT), is a public transportation system operated by the City of Knoxville, Tennessee, and receives federal funding.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff relies on Defendant's transportation services for access to essential medical care.

11. Due to Plaintiff's disability, timely transportation is medically necessary to prevent worsening injury, infection, and complications associated with prolonged sitting.

12. In or around September 2023, Plaintiff's sister, Tameka Emory, filed a wrongful termination lawsuit against Defendant.

13. Following that lawsuit, Plaintiff began experiencing a pattern of unreliable and delayed transportation services.

14. Plaintiff later learned that an individual identified as "Josh" (last name unknown), responsible for scheduling transportation, was named in that lawsuit.

15. On or about April 18, 2025, Plaintiff experienced a delay in transportation services scheduled by "Josh."

16. Plaintiff reported the issue to Supervisor Brian McClure and stated his belief that he was being subjected to retaliation based on his association with his sister's protected activity.

17. Defendant failed to take corrective action.

18. The following day, after attending a medical appointment for wound care, Plaintiff was forced to wait approximately four (4) hours for return transportation, despite living approximately ten (10) minutes from the hospital.

19. As a direct result of the delay:

- Plaintiff remained seated for an extended period, worsening his sacral wound;
- Plaintiff's colostomy bag filled and burst;
- Plaintiff urinated on himself multiple times;
- Plaintiff was unable to maintain hygiene or dignity;
- Plaintiff suffered physical pain, risk of infection, and severe emotional distress.

20. Plaintiff filed a formal complaint with Defendant.

21. Defendant conducted an investigation but imposed only minimal corrective measures, including additional training.

22. Plaintiff received only a $20 transportation credit.

23. Defendant failed to implement meaningful changes to prevent recurrence.

24. Defendant's actions demonstrate deliberate indifference to Plaintiff's rights and medical needs.

## V. CLAIMS FOR RELIEF

## COUNT I – DISABILITY DISCRIMINATION (ADA TITLE II)

25. Plaintiff incorporates all preceding paragraphs.

26. Plaintiff is a qualified individual with a disability.

27. Defendant is a public entity subject to Title II of the ADA.

28. Defendant denied Plaintiff meaningful access to public transportation services.

29. Defendant failed to provide services in a safe and timely manner consistent with Plaintiff's disability-related needs.

30. Defendant's conduct caused physical injury and denial of equal access.

## COUNT II – REHABILITATION ACT (29 U.S.C. § 794)

31. Plaintiff incorporates all preceding paragraphs.

32. Defendant receives federal financial assistance.

33. Defendant discriminated against Plaintiff on the basis of disability.

34. Defendant's conduct resulted in denial of benefits and services.

## COUNT III – RETALIATION (ADA – 42 U.S.C. § 12203)

35. Plaintiff incorporates all preceding paragraphs.

36. Plaintiff engaged in protected activity by complaining about discriminatory and unsafe conditions.

37. Plaintiff was subjected to adverse actions, including delayed and unreliable transportation.

38. Defendant's actions were motivated, at least in part, by Plaintiff's protected activity and association with his sister's lawsuit.

_____

## COUNT IV – CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983)

39. Plaintiff incorporates all preceding paragraphs.

40. Defendant, acting under color of state law, deprived Plaintiff of rights secured by federal law.

41. Defendant's conduct demonstrates deliberate indifference to Plaintiff's health, safety, and constitutional rights.

_____

## VI. DAMAGES

42. As a direct and proximate result of Defendant's conduct, Plaintiff suffered:

- Worsening of a sacral wound and increased risk of infection;
- Physical pain and medical complications;
- Emotional distress, humiliation, and mental anguish;
- Loss of dignity and independence.

_____

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined at trial, but not less than $150,000;

B. Award punitive damages in an amount sufficient to punish Defendant;

C. Grant injunctive relief requiring ADA–compliant transportation practices;

D. Order policy changes, training, and oversight;

E. Award costs of this action;

F. Grant all other relief the Court deems just and proper.

_____

**VIII. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

_____

Respectfully submitted,

Christopher Ahmaad Smith
Knoxville, Tennessee
Plaintiff, Pro Se

Date: _4/-13-26_